# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO HALL,<br><br>        Plaintiff,<br><br>    v.<br><br>D. SMITH, et al.,<br><br>        Defendants. | Case No. 1:15-cv-00860-BAM-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(ECF NO. 17) |

Plaintiff Alfonso Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 27, 2016, Plaintiff filed a motion to certify this action as a class action. This action proceeds on Plaintiff's claim against Defendant Smith for excessive force and failure to decontaminate in violation of the Eighth Amendment. In his motion, Plaintiff seeks to bring this action on behalf of "the inmates at the California Correctional Institution and those who may in the future be housed there." (ECF No. 17 at 1:15.) Plaintiff also seeks the appointment of counsel to represent the class.

**I.     Class Certification**

Plaintiff is not an attorney and he is proceeding without counsel. A pro se litigant simply cannot "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4); Fymbo

1

v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000).  While a non-attorney proceeding pro se may bring his own claims to court, he may not represent others.  E.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 644-65 (9th Cir. 2008); Fymbo, 213 F.3d at 1321; Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  Therefore, Plaintiff's request for class certification must be denied.

**II.      Appointment of Counsel**

Plaintiff seeks the appointment of class counsel pursuant to Federal Rule of Civil Procedure 23(g).  This action proceeds against Defendant Correctional Officer Smith for an incident of excess force and failure to decontaminate Plaintiff on May 20, 2014.  Plaintiff does not identify any other inmates involved in the use of force.  This action does not involve allegations or claims that would ordinarily be eligible for class certification pursuant to Federal Rule of Civil Procedure 23(a).  Plaintiff's motion for appointment of class counsel should therefore be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to certify this case as a class action and motion for the appointment of class counsel is DENIED.

IT IS SO ORDERED.

Dated:   **May 31, 2016**                        /s/ *Barbara A. McAuliffe*               _
                                                         UNITED STATES MAGISTRATE JUDGE