FILED

SEP 09 2016



1          IN THE UNITED STATES DISTRICT COURT

2      FOR THE EASTERN DISTRICT OF CALIFORNIA

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

3  ALFONSO HALL,

4          Plaintiff.          CASE NO. 1:15-cv-00860 - BAM (PC)

5      V.

6  D. SMITH,          PLAINTIFFS PROPOSED

LODGED

FEB 2 9 2016

7  KIM HOLLAND,          SECOND AMENDED

8  M. Montana,          COMPLAINT.

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

9  J. TYREE.

10  DOES 1-4,          DEMAND FOR JURY TRIAL.

RECEIVED

11      Defendants.          FEB 29 2016

12                    CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

13                    I. INTRODUCTION.

14  1. This is a claim for damages, declarator relief and injunctive

15  relief brought under 42 U.S.C §1983 against prison officials

16  for the violations of plaintiff's First, Eighth, and fourteenth

17  Amendment right's that are secured to him by the united

18  states Constitution.

19  2. Specifically at issue will be the language Plaintiff used in

20  an outgoing letter that was intercepted and held from

21  being mailed, without any sort of due process, by a member

22  of the Investigative Services unit, ("Hereinafter, I.S.U"), due

23  to the speculation and conjecture that it contained a

24  coded message written to a member of the Mexican

25  mafia prison gang, which in turn, led to the unlawful,

26  conspired, retaliation against Plaintiff by the named

27  defendants and does 1-4 that amounts to cruel and

1 unusual Punishment when viewed in its totality.

2 3. In addition, Plaintiff also alleges that supervisory

3 Officials were on notice of the unconstitutional propensities

4 but failed to take action in controling them and are hereby

5 liable for failing to lawfully administer, train, and supervise.

6 ## II. EXHUASTION OF ADMINISTRATIVE

7 ## REMEDIES.

8 4. Plaintiff has exhuasted administrative remedies as follows:

9 a.) Inmate CDC 602 Appeal Log no. CCI-0-14-01472, re: Citizens

10 Complaint under California Penal Code 832.5, for the Confiscation

11 of Plaintiff's outgoing mail without any Sort of due Process;

12 The infliction of Sadistically wanton pain by the unnecessary

13 and excessive use of Pepper-spray without afterwards allowing

14 Proper decontamination; The malicious use of zip-ties that

15 caused Plaintiff to temporarily lose feeling in the hands; And

16 lastly, the conditions of confinement in what is dubbed

17 "Management-cell-status" where Plaintiff suffered sleep

18 deprivation along with pain, stress and anxiety in addition

19 to other basic human necessities for a period of not less

20 than 72 hours.

21 b.) Letter from the Division of Adult Institutions, dated

22 June 30, 2014, responding to Plaintiff's complaints to D. Grant,

23 Assistant Secretary, Office of Internal Affairs, and to Kim

24 Holland, warden of the California Correctional Institution,

25 in which Plaintiff gave notice of the events described

26 in this complaint and that staff in housing unit 8, who

27 were overseeing the management-cells, were refusing to

1  Provide Plaintiff with any sort of grievance forms to formally

2  appeal the events described in this complaint.

3  (Inmate CDC 602 Appeal Loa no. CCI-0-14-01472, is attached hereto

4  as EXHIBIT-A); (Letter from the Division of Adult Institutions

5  dated June 30, 2014, is attached hereto as EXHIBIT-B).

6                    III. JURISDICTION AND VENUE.

7  5. Plaintiff brings these claims Pursuant to 42 U.S.C §1983 and

8  the First, Eighth, and Fourteenth Amendments to the

9  United States Constitution.

10  6. This court has Jurisdiction over claims seeking damages and

11  declaratory relief Pursuant to 28 U.S.C §§ 1331, 1343 and the

12  Declaratory Judgment Act §§ 2201 and 2202. The court also

13  has supplemental Jurisdiction over Plaintiff's State Claims

14  Pursuant to 28 U.S.C §1367. Plaintiff's claims For injunctive

15  relief are authorized by 28 U.S.C §§ 2283, 2284, and rule 65

16  of the Federal Rules of Civil Procedures.

17  7. Venue in the Eastern district is Proper Pursuant to 28 U.S.C

18  §1391, in that all of the event or omissions giving rise to

19  these claims brought by Plaintiff have occurred in this

20  district.

21                    IV. PARTIES.

22  8. Plaintiff ALFONSO HALL, at all times mentioned herein, a

23  Prisoner of the State of California, in the Custody of the

24  California Department of Corrections and Rehabilitation

25  ("Hereinafter, C.D.C.R") was incarcerated at the California

26  Correctional Institution ("Hereinafter, C.C.I"). Plaintiff has now

27  been transferred and is now currently housed within the

1   Security Housing Unit located at Pelican Bay State Prison.
2   9. Defendant D. SMITH, is and was, at all times mentioned in
3   this Complaint, a Correctional Officer employeed at the C.C.I
4   and also a member of the I.S.U. As Such, he has caused,
5   Created, authorized, condoned, ratified, approved or Knowingly
6   acquiesced in the illegal, unconstitutional actions, Policies,
7   Customs and Practices that Prevail at the C.C.I, as described
8   below. He has, therefore, directly and Proximately Caused,
9   and will Continue to Cause in the Future, the injuries and
10  Violations of rights set forth below. Defendant D. SMITH,
11  at all times relevant to this Complaint, acted under color
12  of State law and is sued in both his individual and
13  Official Capacities.
14  10. Defendant KIM HOLLAND is and was, at all times mentioned
15  in this Complaint, the warden at the C.C.I. As such, she has
16  Caused, created, authorized, condoned, ratified, approved or
17  Knowingly acquiesced in the illegal, unconstitutional and
18  inhumane Conditions, actions, Policies, Customs and Practices
19  that Prevail at the C.C.I, as described below. She has,
20  therefore, directly and Proximately Caused, and will
21  Continue to Cause in the Future, the injuries and
22  Violations of rights set forth below. Defendant
23  KIM HOLLAND, at all times releVant to this Complaint,
24  acted under color of State law and is sued in
25  both her individual and official Capacities.
26  11. Defendant M. montano is and was at all times mentioned
27  in this Complaint, a Correctional sergeant employeed at

1  the C.C.I and also a member of the Institutional Gang

2  Investigators, ("Hereinafter, I.G.I"). As such, he has caused,

3  created, authorized, condoned, ratified, approved or knowingly

4  acquiesced in the illegal, unconstitutional, actions, policies,

5  customs and practices that prevail at the C.C.I, as described

6  below. He has, therefore, directly and proximately caused,

7  and will continue to cause in the future, the injuries,

8  and violations of rights set forth below. Defendant

9  M. Montano, at all times relevant to this complaint, acted

10 under color of state law and is sued in his individual

11 capacity only.

12 12. Defendant J. TYREE, is and was at all times mentioned in

13 this complaint, a correctional lieutenant employeed at the

14 C.C.I and also a member of the I.G.I. As such, he has

15 caused, created, authorized, condoned, ratified, approved or

16 knowingly acquiesced in the illegal, unconstitutional

17 actions, policies, customs and practices that prevail at the

18 C.C.I, as described below. He has therefore, directly and

19 proximately caused, and will continue to cause in the

20 future, the injuries and violations of rights set

21 forth below. Defendant J. TYREE, at all times relevant to

22 this complaint, acted under color of state law and is

23 sued in his individual capacity only.

24 13. Defendant Does 1-4 are each responsable in some

25 manner for the constitutional violations and damages to

26 plaintiff alleged herein. The true names of defendants

27 Does 1-4 are presently unknown to plaintiff. Defendants

1 | Does 1-4 were the correctional officers in Housing Unit B
2 | were overseeing Plaintiff while he was being subjected to
3 | the management-cell at the C.C.I. Plaintiff is informed
4 | and believes and therefore alleges upon information
5 | and belief that each of them is responsible in some
6 | manner for the Constitutional Violations and damages
7 | to Plaintiff alleged herein. Plaintiff therefore, sues
8 | defendant Does 1-4 in their individual capacities by such
9 | Fictitious names and will seek leave to amend, to add
10 | their true names when they have been properly identified.

11 |                          V. FACTUAL ALLEGATIONS.

12 | 14. On the date of may 20, 2014, defendant D.SMITH, while
13 | Processing outgoing mail at the C.C.I mail, defendant
14 | D.SMITH intercepted Plaintiff's outgoing letter and Prevented it
15 | from being mailed, without any sort of due Process, due to
16 | his speculation and Conjecture that it contained a Coded
17 | message written to a member of the Mexican mafia
18 | Prison gang.

19 | 15. subsequently to defendant D.smith intercepting Plaintiff's
20 | outgoing letter, defendants D.SmITH, M.montano and J.TYREE
21 | unlawfully Conspired to retaliate against Plaintiff due to the
22 | alleged Contents of Plaintiff's letter which resulted in the
23 | Following:

24 | 16. On the date of may, 20, 2014 defendant J.TYREE, as the superior
25 | ranking member of the I.G.I, tasked his subordinate of the
26 | I.G.I, defendant M.montano to complete a "targeted"
27 | Cell search of Plaintiff's cell.



1  17. Defendant M. Montano in turn orders his subordinate
2  members of the I.G.I, officers G. Adame, B. Medrano and
3  P. Orteaa to join defendant D. Smith in targeting Plaintiffs
4  cell.

5  18. At approximately 1400 hours on the aforementioned date,
6  defendants D. Smith and M. Montano along with his
7  subordinates of the I.G.I. arrived at Plaintiff's cell with
8  a malicious intent to retaliate against Plaintiff.

9  19. Upon defendant D. Smith arriving to Plaintiffs cell, Plaintiff
10  was finishing using the restroom when defendant D. Smith
11  ordered Plaintiff to submit to being placed in zip-ties,
12  in which Plaintiff verbally complied.

13  20. As Plaintiff finished using the restroom, Plaintiff flushed
14  the toilet and proceeded to comply with defendant D. Smith's
15  orders.

16              FACTS PERTAINING TO CRUEL
17            AND UNUSUAL PUNISHMENT.

18  21. When at that very moment, without warning or good
19  cause defendant D. Smith used unnecessary and excessive
20  force by the infliction of sadistic wanton pain on Plaintiff
21  with Pepper-spray and placing Plaintiff in extremely tight
22  zip-ties that caused Plaintiff to temporarily lose feeling
23  in the hands.

24  22. After Plaintiff is placed in the zip-ties, Plaintiff is
25  removed from his cell barefoot, still contaminated and is
26  paraded through the main yard by defendants D. Smith
27  and M. Montano in attempts to humiliate Plaintiff in

COURT PAPER
STATE OF CALIFORNIA
STD 113 (REV. 3-95)

1 | Front of the other inmates.

2 | 23. Soon thereafter, Plaintiff is taken into a dinning
3 | hall where he is than verbally assaulted and threatend
4 | with more Pepper-spray by defendants D.SMITH and
5 | m.montano.

6 | 24. While in the dinning hall, Plaintiff is informed by
7 | defendant m.montano that the warden, defendant KIM
8 | HOLLAND wants Plaintiff Placed on management-cell
9 | status, which consisted of the following atypical
10 | hardships:

11 | 25. Plaintiff is maliciously placed in an intentionally
12 | unfurnished cell located in housing Unit 8 at the C.C.I
13 | 4B Yard.

14 | 26. For 3 days, Plaintiff was in the management cell
15 | having to suffer from the effects of the Pepper-spray
16 | because Plaintiff was never allowed to Properly
17 | decontaminate.

18 | 27. For 3 days, defendants Does 1-4 deliberately and
19 | maliciously deprived Plaintiff of any sort of cleaning
20 | supplies, no soap, toilet-paper or disinfectant resulting
21 | dirty unsanitary conditions that caused severe stress
22 | and anxiety. (see EXHIBIT-C).

23 | 28. Plaintiff started suffering severe pain from trying not to
24 | defecate on himself because Plaintiff had no way of
25 | cleaning himself.

26 | 29. After Plaintiff could no longer hold back from defecating
27 | Plaintiff used the restroom and was forced to use his

1  bare hand to clean himself.

2  30. Plaintiff was forced to attempt to sleep on the cold

3  hard dirty floor because Plaintiff was deprived of a

4  mattress.

5  31. Plaintiff further suffered sleep deprivation for those 3

6  days due to the effects of the pepper-spray combined with

7  the deprivation of a mattress and the unsanitary conditions.

8  32. By deliberately and maliciously placing Plaintiff in the

9  management cell, defendants KIM HOLLAND, M. Montano,

10  and Does 1-4 have subjected Plaintiff to severe physical

11  and mental pain.

12              FACTS PERTAINING TO DEFENDANTS

13                      INTENT.

14  33. California Code of Regulations -Title 15, ("Hereinafter, C.C.R-Title

15  15) Section 3312 (a)(3) mandates that misconduct be reported

16  on a C.D.C Form 115, Rules Violation Report.

17  34. None of the defendants have formally charged Plaintiff

18  with violating any mail regulations of the C.C.R-Title-15

19  OR with violating Sections "3000- Gang" and Section

20  "3023 - Gang Activity".

21  35. In addition, the authority to disallow mail shall not be

22  delegated below the staff level of correctional/facility

23  captain.

24  36. And when mail is disallowed, the inmate shall be

25  informed by way of a C.D.C 1819, a form that delineates

26  thes  specific reason as to why it was disallowed and

27  the  name of the official to whom an inmate appeal

1   mar be directed to (C.C.R.Title 15 sections 3135 (a) and
2   3136 (a)(b).
3   37. Defendant D.SMITH is not a correctional/facility
4   captain, nor was Plaintiff provided with the procedural
5   safeguards pertaining to his intercepted letter that
6   was never mailed. (See Par. 4,9 and 14 supra).
7   38. Direct evidence of defendants retaliatory intent is
8   provided by defendants D.SMITH'S and M.Montano's
9   verbal assault and threats to Plaintiff.(See Par. 23. supra)
10  39. Circumstantial evidence of defendant D.SMITH's retaliatory
11  intent and lack of legitimate penological interest is
12  provided by his inconsistant reporting of the events
13  described in this complaint.
14  40. Further evidence of defendants retaliatory state of
15  mind is provided by:
16  a.) That defendant D.SMITH has already provided contradict-
17  ing, inconsistant and inconclusive testimony in regards to
18  the alleged contents of Plaintiff's letter, via Plaintiff's
19  disciplinary reports.(See excerpts from Plaintiff's disciplinary
20  reports, originally dated July.24,2014 and than reissued
21  September 16.2014, both attached hereto as EXHIBIT-D).
22  b.) The fact that defendant Does 1-4 deliberately and
23  maliciously deprived Plaintiff of any sort of grievance
24  forms which ultimately led Plaintiff to commence a
25  "Hunger-strike" in order to peacefully protest the events
26  described in this complaint.(see Par. 4-b supra) and
27  (Hunger-strike Chronos, attached hereto as EXHIBIT-E).



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV 3-95)

1   C.) Defendants KIM HOLLAND, J.TYREE, and M.Montano's
2   Failure to train subordinates and prevent them from
3   maintaining a pattern of retaliation for Plaintiff's
4   exercise of his First Amendment rights.
5   d.) Defendant KIM HOLLAND's refusal to acknowledge and
6   respond to Plaintiff's requests to stop any and all form
7   of retaliation by her subordinates. Plaintiff had notified
8   defendant KIM HOLLAND about the unlawful interference
9   with his outgoing letter and the deprivation of legal
10  supplies. (see Par. 4-B and EXHIBIT-B).
11  41. Plaintiff is informed and believes and therefore alleges upon
12  information and belief that the named defendants are
13  conducting in a "Code of silence" and that by their
14  actions alleged herein falls within the scope of the
15  C.C.R-Title-15-Section 3000 "Gang" definition.

16                    VI. LEGAL CLAIMS.
17                   FIRST CAUSE OF ACTION.
18             (First Amendment - Freedom of speech).
19  42. Plaintiff realleges and incorporates by reference all
20  previous paragraphs of this complaint.
21  43. Defendants D.SMITH, KIM HOLLAND and J.TYREE have
22  violated Plaintiff's limited First Amendment rights by
23  promulgating, enforcing and implementing overbroad
24  rules   and/or regulations that unjustifiably curtail
25  Plaintiff's  limited Constitutional rights to Freedom
26  of speech.

27                  SECOND CAUSE OF ACTION.



1            .(First Amendment — Retaliation).

2   44. Plaintiff realleges and incorporates by reference all

3   previous paragraphs of this complaint.

4   45. Defendants  D. SMITH, M. montano, and KIM HOLLAND.

5   have violated Plaintiff's First Amendment rights, in

6   that Plaintiff was pepper-sprayed, threatend, placed

7   in zip-ties and subjected to the harsh atypical

8   management-cell, all of which constitute retaliatory

9   actions taken against Plaintiff for the exercise of

10  his constitutionally protected right to freedom of

11  speech.

12            THIRD CAUSE OF ACTION.

13        (Cruel and Unusual Punishment-Denial of

14            Basic  Human Necessities.)

15  46. Plaintiff realleges and incorporates by reference all

16  previous paragraphs of this complaint.

17  47. Defendants  KIM HOLLAND and Does 1-4  maliciously and

18  Sadistically deprived Plaintiff of his Eighth and

19  Fourteenth Amendment Rights by denying Plaintiff his

20  basic human necessities while in the management-

21  Cell.

22        FOURTH CAUSE OF ACTION.

23            (Conspiracy.)

24  48. Plaintiff realleges and incorporates by reference all

25  previous paragraphs of this complaint.

26  49. Defendants D. SMITH, J. TYREE, M. montano, KIM HOLLAND

27  and Does 1-4, and each of them or some amongst them



COURT PAPER
STATE OF CALIFORNIA

12

1  did conspire and agree to deprive Plaintiff of his
2  Constitutional rights as alleged herein, in violation of
3  42 U.S.C Section 1983, -

4                FIFTH CAUSE OF ACTION.
5            (Eighth Amendment - Unnecessary And
6                    Excessive Force.)
7  50. Plaintiff realleges and incorporates by reference all
8  Previous Paragraphs of this Complaint.
9  51. Defendant D.SMITH has violated Plaintiff's Eighth
10  Amendment rights when he maliciously and sadistically,
11  without warning of good cause, inflicted wanton pain on
12  Plaintiff by the use of Pepper-spray, and zip-ties that
13  Caused Plaintiff to temporarily lose feeling in the hands.
14                SIXTH CAUSE OF ACTION.
15            (Eighth Amendment - Failure to Properly
16                    Decontaminate.)
17  52. Plaintiff realleges and incorporates by reference all
18  Previous Paragraph's of this Complaint.
19  53. Defendant D.SMITH has violated Plaintiff's Eighth
20  Amendment rights in that he subjected Plaintiff to
21  Pepper-spray but failed to ensure Proper, adequate
22  decontamination.
23                SEVENTH CAUSE OF ACTION.
24            (Cruel And Unusual Punishment - Deliberate
25            Indifference To Humane Conditions in
26                The Management - Cell.)
27  54. Plaintiff realleges and incorporates by reference all

COURT PAPER
STATE OF CALIFORNIA

1  Previous Paragraph's of this Complaint.

2  55. Defendants KIM HOLLAND, M.Montano, and Does 1-4 have

3  Violated Plaintiff's Eighth Amendment rights, by their

4  deliberate indifference to Plaintiffs Physical and Mental

5  well-being when defendants were aware of the inhumane

6  Conditions that Plaintiff was being Subjected to while

7  in the management-cell.(<u>see</u> Par. 25-32, Supra, and

8  EXHIBIT-C.).

9          <u>EIGHTH CAUSE OF ACTION.</u>

10           (Federal Due Process.)

11  56. Plaintiff realleges and incorporates by reference all

12  Previous Paragraph's of this Complaint

13  57. Defendants have Violated the Due Process Clause of the

14  Fourteenth Amendment by:

15   a.) Defendants KIM HOLLAND and M.Montano arbitrarily

16  authorized Plaintiff to be Placed in the harsh atypical

17  Management-Cell on the basis of erroneous, unreliable

18  and untrue information, and without any Procedural safe-

19  guards.

20   b.) Defendant D.SMITH Preventing Plaintiff Outgoing letter

21  from being mailed based on mere Speculation and .

22  Condecture.(<u>see</u>. EXHIBIT-D).

23  C.) Defendant D.SMITH failing to give Plaintiff an opportunity

24  to Present his views before making the determination

25  that Plaintiff's letter Contained a Code message.

26          <u>NINTH CAUSE OF ACTION.</u>

27          (State Created Liberty Interest.)



1  58. Plaintiff realleges and incorporates by reference all Previous

2  Paragraph's of this Complaint.

3  59. Defendants have deprived Plaintiff of his state created

4  liberty interest rights Protected by the Fourteenth

5  Amendment to the United States Constitution when:

6  a.) Defendant D. SMITH Failed to notify Plaintiff by

7  way of C.D.C Form 1819 that his outgoing letter was

8  never mailed. (C.C.R-Title 15-section 3136 (a).)

9  b.) Defendants Does 1-4 maliciously and deliberately

10  refusing Plaintiff his right to appeal. (C.C.R.Title-15·

11  Section 3084.1(a).).

12  C.) Defendants Does 1-4, KIM HOLLAND, and M.Montano

13  deliberately deprived Plaintiff of the basic human

14  necessities to keep himself and his living quarters

15  clean and sanitary while Plaintiff was in the

16  management-cell (C.C.R-Title-15-section 3060.).

17              TENTH CAUSE OF ACTION.

18          (Failure to Lawfully Administer, Train

19              And Supervise.)

20  60. Plaintiff realleges and incorporates by reference all

21  Previous Paragraphs of this Complaint.

22  61. Supervisory defendants have a duty to establish Policies

23  and Procedures For the administration of the C.C.I.

24  Supervisory defendants have a duty to Perform and

25  execute their duties in a manner consistent with

26  State and Federal law. Supervisory defendants have a

27  duty to train and Supervise subordinate employees.

1  62. Supervisory defendants KIM HOLLAND, J.TYREE and
2  M.Montano were deliberately indifferent to the violation
3  of Plaintiffs rights described herein.
4  63. Supervisory defendants breached their duties to
5  legally administer the C.C.I, and to train and supervise
6  Subordinates where Plaintiff's right's were violated
7  as a result of defendants acting in violation of
8  defendants Policies and Practices, to the extent
9  Supervisory defendants had actual and constructive
10 Knowledge of the violations and did nothing to Prevent
11 or correct them.

12                    VII.CAUSATION.

13 64. As a direct and Proximate result of the aforementioned
14 acts and omissions on the Part of the defendants,
15 Plaintiff has suffered and Continues to suffer general
16 and special damages in an amount to be Proven at
17 trial. Plaintiff has no Plain adequate or complete
18 remedy at law to redress the wrongs described
19 herein. Plaintiff has been and will continue to be
20 irreparably injured by the conducts of the defendants
21 unless the Court grants the declaratory and injunctive
22 relief which Plaintiff seek's.

23                    VII. PRAYER FOR RELIEF.

24 WHEREFORE, Plaintiff respectfully Prays for the Following
25 relief:

26 1.) A declaratory Judgment that the defendant's acts and Practices
27 described herein, violated Plaintiffs rights as herein stated.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

1  2.) A Preliminary and Permanent injunction ordering defendant
2  D.SMITH TO: a.) Return Plaintiff's letter that was intercepted and
3  Prevented from being mailed on the date of May 20, 2014;
4  b.) Cease any and all forms of retaliation against inmates at
5  the C.C.I due to the disagreement with their choice of
6  words in their outgoing mail, as mandated by C.C.R-Title-
7  15-section 3135(b).
8  3.) A Preliminary and Permanent injunction ordering defendant
9  KIM HOLLAND to: a.) Cease and eliminate the use of the
10 inhumane and unconstitutional Conditions of Confinement
11 in the management-cells at the C.C.I. b.) Implement an
12 institutional policy that mandates when an inmate is Pepper-Sprayed
13 the inmate be provided with the opportunity to properly
14 decontaminate by way of a Shower.
15 4.) Appoint a Court Monitor to ensure all inmate grievances
16 are properly Processed.
17 5.) A Jury trial on triable issues.
18 6.) Compensatory damages to cover Plaintiffs mental anguish
19 and stress as a result of the Placement in the management-
20 Cell.
21 7.) Punitive damages in the amount of $75,000 from any
22 defendant found to have intentionally denied Plaintiff his
23 rights.
24 8.) Compensatory damages in the amount of $35,000 From any
25 defendant found to have intentionally denied Plaintiff his
26 rights.
27 9.) Plaintiff's cost of suit



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

17

1  10.) Reasonable attorney fees Pursuant to 42 U.S.C section 1983

2  and any other grounds authorized by law.

3  11.) And any other further relief that this court deems

4  Proper and Just.

5

6      I declare under Penalty of Perjury that the

7  foregoing is true and Correct.

8

9  DATED  2-24 - 2016          X _____
                                    Signature of plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

# EXHIBIT COVER PAGE A

EXHIBIT

Description if this exhibit: Inmate 602 Appeal log # CCI-0-14-01472

Number of pages to this exhibit:____7____pages

**JURISDICTION**: (Check One Only)

☐ MUNICIPAL COURT
☐ SUPERIOR COURT
☐ APPELLATE COURT
☐ STATE SUPREME COURT
☒ UNITED STATES DISTRICT COURT
☐ STATE CIRCUIT COURT
☐ UNITES STATES SUPREME COURT
☐ GRAND JURY

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)                                                                                    Side 1

| 1402741  AL3164 | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CCI-O | 14-01472 | 7 |
| | FOR STAFF USE ONLY | | |

You may appeal an _____ ation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon _____ and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Hall , Alfonso | CDC Number: AL3164 | Unit/Cell Number: 4A-5C-109 | Assignment: SHU |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

_Citizen's Complaint, under P.c. 832.5_

JUL 0 7 2014
CCI-O-14-01472

A.  Explain your issue (If you need more space, use Section A of the CDCR 602-A): _On the date of 5/20/14_
_I.s.u correctional officer (D.smith) intercepted an outgoing letter of mine without any_
_sort of due process and in violation of CCR-Title-15 sec-3135(b)...Due to the alleged contents_
_of my letter, at aprox-mately 2:00p.m officer (D.smith) along with I.s.i arrive to my cell with_

B.  Action requested (If you need more space, use Section B of the CDCR 602-A): _1) to HAVE AN IMPARTIAL_
_INVESTIGATION BE CONDUCTED; 2) No REPRISAL ; 3) TO HAVE MY CONFISCATED LETTER RETURNED_

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☑ No, I have not attached any supporting documents. Reason : _only Relevant documents are the_
_incident report_

Inmate/Parolee Signature: _Alf Hn_                           Date Submitted: _6-1-14_

☐ By placing my initials in this box, I waive my right to receive an interview.

---

C.  First Level - Staff Use Only                              Staff – Check One: Is CDCR 602-A Attached? ☑ Yes  ☐ No
This appeal has been:
☑ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.
   Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____

BYPASS

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
   Date of Interview: _____ Interview Location: _____

Your appeal issue is: ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
   See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ Title: _____ Signature: _____ Date completed: _____
              (Print Name)
Reviewer: _____ Title: _____ Signature: _____
          (Print Name)
Date received by AC: _____

| | AC Use Only Date mailed/delivered to appellant ____ / ____ / ____ |
|---|---|

RECEIVED SEP -2 2014 INMATE APPEALS BRANCH

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.   If you need more space, use Section D of the CDCR 602-A.

Inmate/Parolee Signature: _____   Date Submitted : _____

**E. Second Level - Staff Use Only**                                          Staff – Check One: Is CDCR 602-A Attached?  ☑ Yes    ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)
☑ Accepted at the Second Level of Review

Assigned to: _FAC B_____   Title: _AW_   Date Assigned: _7-10-14_   Date Due: _8-18-14_

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _8/2/14_                              Interview Location: _Dining Hall #3 Facility A_

Your appeal issue is:   ☐ Granted    ☒ Granted in Part    ☐ Denied    ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _K. Nowels_   Title: _Lt_   Signature: _K. Nowels_   Date completed : _8/3/14_
            (Print Name)
Reviewer: _____   Title: _____   Signature: _____
         (Print Name) _J. Gutierrez, Cowlt_
Date received by AC: _8-18-14_

**AC Use Only**
Date mailed/delivered to appellant _8/19/14_

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

I am dissatisfied with the second level response due to it failing to acknowledge that the
staff misconduct resulted in my mail being confiscated in violation of
ccr.Title.15 section 3135(b) and furthermore, that I was never provided with
a copy of the cdcr 3014 and lastly The OIA of cdcr never conducted
an investigation

Inmate/Parolee Signature: _____   Date Submitted: _8-26-14_

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____   Date: _____   Date: _____   Date: _____   Date: _____
☐ Cancelled (See attached letter)   Date: _____
☑ Accepted at the Third Level of Review.  Your appeal issue is  ☐ Granted    ☐ Granted in Part    ☒ Denied    ☐ Other: _____   ~~MAILED~~
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant NOV 0 6 2014

**Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____   Inmate/Parolee Signature: _____   Date: _____
Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STATE OF CALIFORNIA                                                                  DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**

CDCR 602-A (08/09)                                                                                                         Side 1

| | IAB USE ONLY | Institution/Parole Region:    Log #: | Category: |
|---|---|---|---|
| *140 2741* | | CCI-O        14-01472 | 7 |
| | | *FOR STAFF USE ONLY* | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.                   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Hall  ,  Alfonso | AL3164 | 4A-6C-109 | SHU |

A.  Continuation of CDCR 602, Section A only (Explain your issue) : _malice, as I was finishing using the_

_restroom. They ordered me and my cell-mate to submit to zip-tie's in which we complied. As my_

_cell-mate proceed's to tue door from the rear of the cell, I flush the toilet, when at that mom-_

_ent, without warnning or good cause officer (o.smith) did willfully and unlawfully remove_

_his Pepper-spray and excessively dispersed it upon my facial area. Afterwards, i'm placed in_

_extremely tight zip-tie's that caused numbness to my hands and escorted through the main_

_yard barefoot in attempts to humiliate me in front of other inmates. we then arrive to_

_the dinning hall inbetween 1 and 2 block where I am then verbally assuited and threatend,_

_soon thereafter I am informed via (Sgt. M. Montano) that the warden wants me placed_

_on "management cell-status", which consisted of the following: I am placed in a cell that was_

_intentionally not properly furnished, It had no-bunk, stool, or desk. And for 3 whole days I had_

_to suffer the effect's of the Pepper-spray because I was never allowed to shower and properly decont-_

_aminate... for 3 days I was not provided with any sort of cleaning supplies; no soap, tooth_

_brush, disinfectant or toilet paper. I' was" suffering from severe pains from trying to hold_

_my bowel movements and at one point in time I was forced to use my bare hand and_

_water to clean myself after no longer being able to hold my bowel movements. I was forced_

_to try to sleep on the cold hard floor because I was not allowed a mattress however,_

_I sufferd sleep deprivation for 3 days due to the cold floor and the effects of the_

_pepper-spray. In conclusion. All the above mentioned is in violation of title-15-sec-339(a)_

Inmate/Parolee Signature: _____    Date Submitted: _____

6-1-14

B.  Continuation of CDCR 602, Section B only (Action requested): _____

Inmate/Parolee Signature: _____    Date Submitted: _____

[JUL 0 7 2014
CCI-O14-01972

RECEIVED
INMATE APPEALS BRANCH
SEP -2 2014]

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____    **Date Submitted:** _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Inmate/Parolee Signature:** _____    **Date Submitted:** _____

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1858 (Rev. 10/06)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
| --- | --- | --- |
| Alfonso  Hall | | 6-1-14 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER  DATE SIGNED |
| Alfonso  Hall | | AL3164       6-1-14 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
| B. Wederts | B. Wederts | 7-5-14 |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.
- 

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: K Nouwels          Sign: K. Nown          Date: 8/3/14
Interviewer

Print: J. Gabriorth (cowh) Sign: _____          Date: 8/15/14
Reviewing Authority

Appeal Log No: CCI-O-14-01472

State of California                                                          Department of Corrections and Rehabilitation

# Memorandum

Date    :   August 3, 2014

To      :   Hall, AL-3164
            Facility A 4A-5B-106
            California Correctional Institution

Subject:  **STAFF   COMPLAINT   RESPONSE-APPEAL   #   CCI-0-14-01472**  *SECOND*  **LEVEL
          RESPONSE**

APPEAL ISSUE: Appellant claims that on May 20, 2014 D. Smith, Correctional Officer
used Excessive Force on him. Appellant also claims that M. Montano, Correctional
Sergeant placed the appellant in a cell with no furnishings, and he was not allowed to
decontaminate from the effects of O.C. pepper spray. Appellant further claims that
he was verbally assaulted and threatened by staff and he was not allowed to shower
or have any supplies while housed in a Management Cell.

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct
presented in the written complaint has been completed. Based upon this review your
appeal is being processed as an Appeal Inquiry.

You were interviewed on August 3, 2014, by K. Nouwels Correctional Lieutenant and
you reiterated your claims and concerns as documented in the 602.

**Your appeal is PARTIALLY GRANTED in that:**

> ➢ The **Appeal inquiry** is complete/ has been reviewed and all issues were
>    adequately addressed.

The following individuals were interviewed Inmate Hall. The following information was
reviewed as a result of your allegations of staff misconduct: Incident Package, CCI-
FAB-14-05-0116, CDCR 3014 form, 128-B Management Cell Status Chrono, CDCR
602, CDCR 602A, Rights and Responsibility Statement, CDCR 7219 and Notice of
Unusual Occurrence/Incident Contact Report.

Staff: *did* ☐ *did not* ☒ violate CDCR policy with respect to one or more of the
issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.
• As such, the details of any inquiry will not be shared with staff, members of the
  public, or offender appellants.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## THIRD LEVEL APPEAL DECISION

Date: **NOV 0 4 2014**

In re: Alfonso Hall, AL3164
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

TLR Case No.: 1402741          Local Log No.: CCI-14-01472

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner S. K. Hemenway. All submitted documentation and supporting arguments of the parties have been considered.

**I  APPELLANT'S ARGUMENT:** It is the appellant's position that on May 20, 2014, due to the alleged contents of his outgoing letter, Investigative Services Unit staff ordered him and his cell partner to submit to "zip ties" [plastic handcuffs] in which they complied. He stated that as he flushed the toilet, Correctional Officer D. Smith, without warning or good cause removed his pepper spray and excessively dispersed it upon his face. He then claims that afterwards he was not allowed to decontaminate and his zip ties were so tight that it caused numbness to his hands. He was then escorted through the yard barefoot in attempts to humiliate him in front of other inmates. He was then verbally assaulted, threatened and placed on "Management Cell Status" where the cell is not properly furnished with a bunk, stool or desk; and for three days he had to suffer the effects of pepper spray because he was not allowed to decontaminate, not supplied with cleaning supplies, no soap, toothbrush, disinfectant or toilet paper. He claims he was suffering from severe pain from trying to hold his bowel movement and was forced to use his bare hand and water to clean himself after a bowel movement. He was forced to sleep on the cold, hard floor because he was not allowed a mattress and suffered sleep deprivation all in violation of California Code of Regulations, Title 15, Section (CCR) 3391.

The appellant is requesting an impartial investigation; no reprisals; and to have his confiscated letter returned.

**II  SECOND LEVEL'S DECISION:** The reviewer noted that all staff personnel matters are confidential in nature and the appellant will only be notified whether the actions of staff were, or were not in compliance with policy. As such, the details of any inquiry will not be shared with staff, members of the public, or inmates. Although the appellant has the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. However, the appellant has the right to be notified if after a review of his allegations, it is determined that staff violated CDCR policy. In this case, the inquiry has been completed and it was determined that staff did not violate CDCR policy. The Second Level of Review (SLR) partially granted the appeal in that an inquiry into the appellant's allegations was conducted.

**III  THIRD LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the documentation submitted, the Third Level of Review (TLR) Examiner finds that the appellant's allegations were appropriately reviewed and evaluated by administrative staff. The TLR notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant. The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant. The TLR reviewed the confidential inquiry on October 19, 2014, and concurs with the determination of the SLR. The TLR notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation are beyond the scope of the appeals process. The TLR finds the institution's response complies with

ALFONSO HALL, AL3164
CASE NO. 1402741
PAGE 2

departmental policy, and the appellant's staff complaint allegations were properly addressed. Therefore, no further relief shall be afforded at the TLR.

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8
CCR: 3000, 3000.5, 3001, 3004, 3084.1, 3084.2, 3084.3, 3084.5, 3084.6, 3084.7, 3084.9, 3291, 3391
CDCR Operations Manual, Section: 31140.1

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

S. K. HEMENWAY, Appeals Examiner
Office of Appeals

R. L. BRIGGS, Chief (A)
Office of Appeals

cc: Warden, CCI
      Appeals Coordinator, CCI

# EXHIBIT COVER PAGE $B$

EXHIBIT

Description if this exhibit: Letter From Division OF Adult Institutions

Number of pages to this exhibit: ___2___ pages

**JURISDICTION**: (Check One Only)

- ☐ MUNICIPAL COURT
- ☐ SUPERIOR COURT
- ☐ APPELLATE COURT
- ☐ STATE SUPREME COURT
- ☒ UNITED STATES DISTRICT COURT
- ☐ STATE CIRCUIT COURT
- ☐ UNITES STATES SUPREME COURT
- ☐ GRAND JURY

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR., GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
**CALIFORNIA CORRECTIONAL INSTITUTION**
P. O. Box 1031
Tehachapi, CA 93581
(661) 822-4402



June 30, 2014

Alfonso Hall, AL-3164
California Correctional Institution
Facility A, SHU 5C-109L
P. O. Box 1902
Tehachapi, CA 93581

Inmate Hall:

COMPLAINT AGAINST A PEACE OFFICER

This is in response to your correspondence (complaint) dated May 29, 2014, addressed to K. Holland, Warden, and your correspondence dated June 5, 2014, addressed to D. Grant, Assistant Secretary, Office of Internal Affairs, reporting allegations of inappropriate staff conduct on the part of custody staff assigned to California Correctional Institution (CCI), Institutional Gang Investigation (IGI) Unit, and Facility A, Security Housing Unit (SHU), Housing Unit 8. Subsequently, your complaints were referred to my office for review and response.

In your first letter, you documented you were involved in an incident involving IGI staff on May 20, 2014, and that you suffered for 3 to 4 days of cruel punishment, inhumanity, conspiracy, and excessive force, etc. In addition, you alleged staff in Housing Unit #8 are refusing to provide you with any CDCR 602, *Inmate/Parolee Appeal;* CDCR 602(A), *Inmate/Parolee Appeal Attachment;* or CDCR 22, *Inmate/Parolee Request for Interview, Item, or Service,* and refusing to issue your property.

In your second letter, you documented the same issues as your first letter and added the following concerns. You alleged that on May 20, 2014, the Investigative Services Unit (ISU) illegally seized an outgoing letter without due process alleging you are conspiring to assault staff and taking a leadership position for the Mexican Mafia (EME). ISU/IGI staff approached your cell door while you were using the facilities and ordered both you and your cellmate to cuff up. Upon complying with their order and without warning IGI/ISU used excessive force by spraying both you and your cellmate with Oleoresin Capsicum (OC) Pepper Spray. IGI/ISU staff then applied zip ties extremely tight and escorted you to Dining Hall #1 and placed you in a holding cell for 20 to 30 minutes before they cut the zip ties off. IGI/ISU staff continued to verbally assault and threaten you with OC Pepper Spray. Lastly, you state you were placed on Management Cell Status for 72 hours and that ISU/IGI staff fabricated a CDCR 1030, *Confidential Information Disclosure,* stating you wrote a letter conspiring to assault staff and taking a leadership position for the EME.

Inmate Hall, AL-3164
Complaint Against a Peace Officer
Page 2 of 2

Based on your allegations, a review of the CDCR 837, *Crime Incident Reports,* for Facility B was conducted and disclosed that on May 20, 2014, you were involved in an incident, Log Number CCI-FAB-14-05-0116, *Possession of an Inmate Stabbing Weapon.*

On June 25, 2014, based on your allegations in your first letter, a video-recorded interview was conducted with you by T. Kephart, Correctional Lieutenant, in regard to CDCR 837 Log Number CCI-FAB-14-05-0116.

In addition to the aforementioned, the Appeals Office was contacted to ascertain if you have filed a CDCR 602 relative to the allegations sent to the Warden, which verified you had not.

Based on the aforementioned, this letter shall serve as official notice that your complaints have been received, investigated and cannot be substantiated. Additionally, in accordance with Penal Code 832.7, all staff personnel matters are confidential in nature, and as such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates.

If you have any additional questions in this regard, please contact R. Mayo, Captain (A), Facility B, by correspondence.


P. MATZEN
Associate Warden (A)
Facilities A and B

cc: K. Holland, Warden
    J. Gutierrez Chief Deputy Warden (A), Facilities A and B
    R. Mayo, Captain (A), Facility B
    J. Bartelmie, Captain, ISU
    Central File
    14-230dh/140626-252dh

# EXHIBIT COVER PAGE $\boxed{c}$

EXHIBIT

Description if this exhibit: Management cell chrono

Number of pages to this exhibit: ____1____ pages

JURISDICTION: (Check One Only)

☐ MUNICIPAL COURT
☐ SUPERIOR COURT
☐ APPELLATE COURT
☐ STATE SUPREME COURT
☒ UNITED STATES DISTRICT COURT
☐ STATE CIRCUIT COURT
☐ UNITES STATES SUPREME COURT
☐ GRAND JURY

CDCR 128-B

Name:  Hall _____  Number:  AL3164 _____  Bed Number:  _5B/09___

Inmate  Hall _____  you are placed on Management Cell Status for a period of 3/10 days, in accordance with California Correctional Institution's Operational Procedure 111-R. This Precaution is being imposed for the following reason(s):

☐  You have displayed a history of damaging your assigned cell.

☐  On _____ you attempted to damage your assigned cell.

☐  On _____ you threatened to damage your assigned cell.

☐  On _____ you were extracted from your cell, you then misused property or utilized objects to create a barricade.

☒  Other:  Per the Warden _____ . _____

This period of Management Cell Status begins on  05/20/2014  at  1900  hours and will end at midnight on  05/23/14  During this period of time, you will be housed in a special cell with no mattress, sheets, or blankets. You will only be allowed to have a suicide blanket and underwear. You will not be allowed access to the law library, and you will not be allowed appliances or personal property. At the termination of this precaution period, your status will be reviewed and may be extended if deemed necessary.

_M. Montaño, Sgt._          _05/20/14_
Correctional Sergeant                Date

**MANAGEMENT CELL STATUS**

# EXHIBIT COVER PAGE $\boxed{\text{D}}$

EXHIBIT

Description if this exhibit: EXCERPTS FROM PLAINTIFFS
DISCIPLINARY REPORTS, ORIGINALLY
DATED July 24, 2014, and than REISSUED
SEPTEMBER 16, 2014

Number of pages to this exhibit: ___2___ pages

JURISDICTION: (Check One Only)

☐ MUNICIPAL COURT
☐ SUPERIOR COURT
☐ APPELLATE COURT
☐ STATE SUPREME COURT
☐ UNITED STATES DISTRICT COURT
☐ STATE CIRCUIT COURT
☐ UNITES STATES SUPREME COURT
☐ GRAND JURY

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT - PART C                                    PAGE    2    OF    6

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| AL3164 | HALL | CCI-FB-14-05-0009 | CCI | 07/24/14 |

☐ SUPPLEMENTAL

Hall AL3164 indicated he had received all of the documents described and was ready to proceed with the hearing.

**PLEA:**

I read the charges to Hall AL3164, and asked Hall for a plea to the offense? Hall replied **"Not Guilty"** and had no verbal statement to make relative to the charges made in the Rules Violation Report.

**WITNESSES:**

This SHO reviewed the CDC 115-A and C and noted that Hall AL3164 had requested the presence of the Reporting Employee Correctional Officer D. Smith, Correctional Sergeant Montano, and Correctional Lieutenant Tyree all from the Security Squad as witnesses at the disciplinary hearing.

Correctional Officer D. Smith the Reporting Employee was present at the hearing conducted on 7/24/14. Hall had prepared the following written questions for Officer Smith and the response is the statement made by the reporting Employee at the hearing.

1. On the date of 5/20/14 you intercepted a letter of mine without any sort of due process, Pursuant to what Policy or Law permits such action?    (R) The question was deemed mute as the basis of inspection of outgoing mail was explained to Hall by the Senior Hearing Officer.
2. In the letter you confiscated was there any direct threat to staff or, are your conclusions of my letter based on speculation and conjecture.? (R) My training and experience led me to believe that in the letter you were requesting permission to assault staff based on the statements made in the letter.
3. What part of the letter made you speculate and assume that there might be a threat on staff? (R) My determination of the threat on staff was based on my prior training and experience.
4. Are you aware that the top bunk belonged to Inmate Hall AL3164? (R) There was a move into the cell on 11/13 and showed Guerrero as the occupant based solely on the SOMS record of Bed assignment.
5. What documents made you believe the lower bunk belonged to Inmate Hall AL3164? (R) Computer based information and CDC number based on SOMS computer information.
6. What proof do you have that the alleged kites were in fact flushed down the toilet? (R) The kites were flushed and information received as well as the confiscation of the kites in the sewer plant.
7. What made you fabricate a (CDCR 10300 stating that Inmate Hall CDC AL3164 was taking a leadership role for the Mexican Mafia and planning on conducting an assault on staff for the benefit of the Mexican Mafia when in the confiscated letter it states neither of the above mentioned? (R) The determination was made based on my training and experience.
8. Are you aware you violated CCR Title 15 sec#3135 (b)? (R) Pertains to incoming confiscated or disallowed mail only.

Hall AL3164 had no further questions of Officer Smith.

Hall AL3164 requested and Correctional Sergeant M. Montano was present at the disciplinary hearing conducted on 7/24/14. The questions are the specific questions asked of Sergeant Montano by Hall, and the Sergeant response to that question.

1. During the incident that is the basis for the Rules Violation Report you were the Supervisor and as such were you not responsible for the Video Taping of the Controlled Use of Force that occurred? (R) Hall you seemed to be a little confused, the incident as reported was not a Controlled Use of Force, it was not a Calculated Use of Force, and it was not a Calculated Cell Extraction all of which would have required the incident to be Video Recorded. In

| | SIGNATURE OF WRITER   *CCOverall* | | DATE SIGNED |
|---|---|---|---|
| Reviewed by | C. C. Overall, Correctional Lieutenant | | 7/25/14 |
| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| ☐ COPY OF CDC-115-C GIVEN TO NOM | | | |

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT - PART C

PAGE __3__ OF __5__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | DATE |
|---|---|---|---|---|
| AL3164 | HALL | CCI-FB-14-05-0009R | CCI-B | 09/16/2014 |

☐ SUPPLEMENTAL   ☑ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☑ HEARING ☐ IE REPORT   ☐OTHER

### PLEA AND STATEMENT:

The SHO reminded HALL that his Miranda rights admonishment was still in effect.  HALL replied he understood his rights and elected to waive those rights and continue with the hearing.  HALL entered a plea of **not guilty.**  HALL started his statement by accusing Officer Smith of fabricating the RVR then accusing Officer Smith of violating HALL's due process rights.  The SHO warned HALL that he was not going to allow HALL to make any accusations of dishonesty during the hearing and that he was only allowed to ask relevant questions of any of the witnesses and reminded HALL any inappropriate comments would be considered disruptive and cause for HALL's removal from the room.  When the SHO inquired about HALL's complaint that his due process rights were being violated, HALL replied that Officer Smith was not allowed to read any mail that HALL received or sent out.  The SHO informed HALL that all non-legal mail is subject to review by staff.  HALL then stated that the weapon found in his assigned cell was found in his cellmate's mattress, not his and therefore the weapon was not his.

### WITNESS TESTIMONY:

Officer D. Smith was the first witness.  HALL had prepared a list of written questions he wished to ask Officer Smith.  The questions are transcribed verbatim below;

1. "Disagreement with the sender's or receiver's morals, values, attitudes, veracity, or choice of words will not be cause for correctional staff to disallow mail.  Correctional staff shall not challenge or confront the sender or receiver with such value judgement.- (?) did you confiscate my outgoing due to your disagreement with my choice of words?"  Answer:  This question was disallowed by the SHO as inappropriate.
2. "in the letter of mine you confiscated was there a clear delineated threat to staff or is your conclusion based on your disagreement with the sender's choice of words?"  Answer:  The SHO disallowed this question as inappropriate as it was the same as question one simply worded different.
3. "You authored a (CDCR-1030) stating that I was taking a leadership role for the Mexican Mafia and further planning on conducting an assault to benefit the Mexican Mafia.  Was that (1030) based on a factual conclusion or your opinion?"  Answer:  Officer Smith stated his conclusion that HALL had a leadership role in the Mexican Mafia was based on HALL's admission during an interview Officer Smith conducted with HALL where HALL stated he had a leadership role within the Mexican Mafia.

HALL then demanded to know where this interview was documented and accused Officer Smith of fabricating the information.  The SHO reminded HALL that he requested Officer Smith's testimony and HALL would have to accept all of the witness testimony, not just the testimony beneficial to his defense.  HALL again accused Officer Smith of fabricating the information regarding HALL's participation in the Mexican Mafia.  Because of HALL's continued disruption of the hearing, the SHO stopped the hearing until HALL was removed from the room and the hearing was continued in HALL's absence.

Because HALL was removed from the hearing, no other witnesses were called to testify.

| REVIEWED BY: | SIGNATURE OF WRITER: | | DATE |
|---|---|---|---|
| R. Mayo, Facility Captain (A) | D. Crounse, Correctional Lieutenant | | 09/16/2014 |
| ☑ COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY (Staff's Signature) | DATE SIGNED 10/31/14 | TIME SIGNED 0910 |

# EXHIBIT COVER PAGE $\boxed{E}$

EXHIBIT

Description if this exhibit: HUNGER-STRIKE CHRONOS
AUTHORED BY: B. WEDERTZ, Facility Lieutenant
U. TINGLEY, CORRECTIONAL SERGEANT

Number of pages to this exhibit: **3** pages

JURISDICTION: (Check One Only)

☐ MUNICIPAL COURT
☐ SUPERIOR COURT
☐ APPELLATE COURT
☐ STATE SUPREME COURT
☒ UNITED STATES DISTRICT COURT
☐ STATE CIRCUIT COURT
☐ UNITES STATES SUPREME COURT
☐ GRAND JURY

# HUNGER STRIKE CHECK LIST

Date: _____ July 3, 2014 _____

INMATE NAME: HALL CDC # AL3164 CELL # 5C-109L

## HUNGER STRIKE POLICY:

This checklist will be maintained by the Unit Lieutenant until it is completed, then forwarded to the Facility Captain. The Facility Captain will then forward the checklist to the Chief Executive Officer (CEO), Chief Medical Officer (CMO), and the Public Information Officer (PIO).

The following **Custody** steps will commence once the inmate has refused a meal.

|   | Y | N | |
|---|---|---|---|
| 1. | ☒ | ☐ | Indicated refused first meal on 114-A. (Date) June 30, 2014 (morning meal) |
| 2. | ☒ | ☐ | Provide initial CDC 128-B upon I/M declaration and refusal of 3rd meal, or no declaration and refusal of 9th meal. |
| 3. | ☐ | ☒ | Ensure CDC 115 is authored and processed for participation in a mass hunger strike. |
| 4. | ☒ | ☐ | Supervisor conducted interview with inmate and ensure inmate is listed on Hunger Strike Tracking log. |
| 5. | ☒ | ☐ | Conduct cell search, confiscate & inventory food items, vitamins, etc. |
|   |   |   | If no, reason. _____ |
| 6. | ☒ | ☐ | Ensure Supervisors are monitoring the completion of 114-A entries. |
| 7. | ☒ | ☐ | Hunger strike concluded. Lieutenant to forward final checklist to Facility Captain. |

Inmates claim/reason for hunger strike: Inmate Hall was involved in an incident at Facility B and his property was confiscated by ISU on May 20, 2014. Inmate Hall claims his Hunger Strike is due to not having his legal property returned and wanting the Appeals Coordinator to come to his cell and accept his assigned appeal.

End of Hunger Strike (Reason/Date): Inmate Hall was issued his legal property on July 4, 2014. On July 5, 2014 I interviewed Inmate Hall and he gave me an Inmate Appeal and CDCR 22 form to be forwarded to the Inmate Appeals Office. Inmate Hall elected to end his Hunger Strike. accepted a state issued lunch and consumed it in Dining hall #3.

B. Wedertz
Facility A Lieutenant

cc:  Chief Executive Officer
        Chief Medical Officer
        Facility Captain
        Public Information Officer

noted
K. allen, Fc
7/07/14

STATE OF CALIFORNIA                                   DEPARTMENT OF CORRECTIONS AND REHABILITATION
                                                                              CDC-128-B

**Name: HALL**          **NUMBER: AL3164**          **Housing: A-5C-109L**


On June, 30 2014 at approximately 0830 hours, Inmate Hall AL3164, refused to accept his daily issued state meals. Hall continued with his hunger strike due to his legal property and an Inmate Appeal issue until July 5, 2014, when at approximately 1245 hours, Hall accepted his issued lunch meal.


B. Wedertz
Correctional Lieutenant
CCI Facility A


DATE: 7-5-14                    **HUNGER STRIKE CDC 128-B**

Original: C-File
CC:      Counselor
         Inmate

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDC-128-B

**Name: HALL**                    **NUMBER: AL-3164**                    **Housing: FA-5C 109L**

On 7/2/2014 at approximately 1700 hours, Inmate Hall CDCR# AL-3164, while housed at California Correctional Institution's (CCI) Facility A, refused to accept a meal. The inmate (is) **is not** consuming fluids. As of 7/2/2014, at approximately 1700 hours, the inmate has refused his 9th consecutive meal. This Inmate (has) **has not declared he is on a hunger strike**, however based on his refusal of **NINE consecutive meals, he is considered to be a hunger strike participant.** This 128B will be forwarded to the Facility Lieutenant, Mental Health, and Medical Clinic. All refusals of issued food will continue to be documented on his CDC 114 Administrative Segregation Record. This Inmate will continue to be monitored by custody and medical staff until his hunger strike is terminated. The Inmate stated that he is on a hunger strike due to the fact that he hadn't received his legal paperwork after his property was searched by staff, as well as not receiving an answer to his 602.

J.Tingley, Correctional Sergeant
(Print name)

DATE: 7/2/14                    **HUNGER STRIKE** CDC 128-B

Original: C-File
CC:      Counselor
         Inmate
         Medical
         Mental Health