# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO HALL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. SMITH, et. al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00860-BAM-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF NO. 19) |

　　　Plaintiff Alfonso Hall is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's objection, which the Court construes as a motion for reconsideration, of the June 1, 2016, order denying Plaintiff's motion for the appointment of counsel and motion for class certification. (ECF No. 18.)

## I.    Relevant Procedural History

　　　On June 1, 2016, an order was entered, denying Plaintiff's motion to certify this action as a class action and denying Plaintiff's request for the appointment of counsel to represent the potential class. On June 16, 2016, Plaintiff filed objections to the order denying his request to certify this action as a class action and denying his request for counsel. (ECF No. 19.) The Court construes Plaintiff's objections as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60.

## II.    Legal Standard

　　　The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure and Rule 230 of the Local Rules of the United States District Court for the Eastern

District of California. Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks omitted). The moving party must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citations omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation . . . of that which was already considered by the court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts of law of such a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**III.     Analysis**

Plaintiff argues that in the order denying his requests, the Court erroneously noted that this action proceeds on a claim of excessive force against a single defendant, when in fact he is proceeding on claims of excessive force, failure to protect, and unconstitutional conditions of confinement against four defendants. On December 16, 2015, an order was entered, finding that the complaint stated a claim for relief against Defendant Smith for excessive force, but failed to state any other claims for relief. (ECF No. 10.) Plaintiff filed a first, then a second amended complaint, which is awaiting screening by the Court. Assuming Plaintiff does state a claim against the remaining Defendants on all of his claims, the Court's analysis would not change.

The Court denied the appointment of class counsel on the ground that this action does not involve allegations or claims that would ordinarily be eligible for class certification pursuant to Federal Rule of Civil Procedure 23(a). Plaintiff, a non-attorney, may bring his own claims, but he may not represent others.

### IV. Conclusion and Order

Plaintiff has not met the high burden of coming forward with evidence of law or facts of such a strongly convincing nature as to induce the Court to reverse the order denying his request for class certification and the appointment of class counsel. The allegations of the complaint indicate a single instance of excessive force and placement in a management cell. Plaintiff's requests for class certification and appointment of class counsel were properly denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the June 1, 2016, order denying his requests for class certification and appointment of class counsel is DENIED.

IT IS SO ORDERED.

Dated:   **September 12, 2016**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE