**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALFONSO HALL, <br><br> Plaintiff, <br><br> v. <br><br> D. SMITH, et al., <br><br> Defendants. | Case No. 1:15-cv-00860-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF TEMPORARY COUNSEL IN ORDER TO IDENTIFY DEFENDANT DOES 1-4 <br><br> (ECF No. 24) |

Plaintiff Alfonso Hall is state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for the appointment of temporary counsel, filed on November 16, 2017. (ECF No. 24.) Plaintiff seeks temporary counsel to assist him with identifying Doe defendants 1-4 in this action. Plaintiff declares in support that he is unable to afford counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in

1

light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In this case, the Court does not find the required exceptional circumstances for the appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. A review of the record in this case shows that Plaintiff is able to articulate his claims and arguments, and the legal issue he proceeds upon is not complex. Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

As has been explained to Plaintiff, he carries the burden to discover the identity of Doe defendants 1-4 and to amend his complaint to substitute their names. Plaintiff may be able to locate names from incident reports, Rules Violation Reports, his central file, or other documents available for Plaintiff to review. If Plaintiff is unable to locate the identifying information he requires through his own requests or searches, he may seek leave to issue discovery that is reasonable and necessary to locate information relevant to properly identifying Doe defendants 1-4. Before discovery will be permitted, Plaintiff will be required to identify the steps he took to locate the identities of the Doe defendants.

For these reasons, Plaintiff's motion for the temporary appointment of counsel, (ECF No. 24), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **November 17, 2017**        /s/ *Barbara A. McAuliffe*
                                                       UNITED STATES MAGISTRATE JUDGE