# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALFONSO HALL, | Case No. 1:15-cv-00860-BAM (PC) |
|---|---|
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| D. SMITH, et al., | [ECF No. 23] |
| Defendants. | **FOURTEEN-DAY DEADLINE** |

Plaintiff Alfonso Hall is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. On June 22, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 8.) Currently, no defendants have appeared in this action, as service of process is underway. Therefore, no defendants have yet consented or declined to Magistrate Judge jurisdiction.

On October 24, 2017, the Court screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B), and found that it stated an Eighth Amendment conditions of confinement claim against Defendants Does 1-4 in their individual capacities arising from conditions in the management cell, and Eighth Amendment claims against Defendant Smith in his individual capacity for excessive force and for failure to decontaminate

1

Plaintiff. (ECF No. 23.) The Court dismissed all other claims and defendants for the failure to state a cognizable claim for relief. (Id. at 12.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c), based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (See id. at 1.)

## I.     Williams v. King

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims described in its October 24, 2017 order.

Here, as noted above, no defendant was yet served at the time that the Court screened the second amended complaint, and therefore none had appeared or consented to Magistrate Judge jurisdiction. Because all defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in the previous screening order, she will below recommend to a District Judge that the non-cognizable claims be dismissed.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

(2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### III. Allegations

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Pelican Bay State Prison, brings this civil rights action against Correctional Officer D. Smith, Warden K. Holland, Correctional Sergeant M. Montano, Correctional Lieutenant J. Tyree, and Correctional Officer Does 1-4, employees of the CDCR at CCI Tehachapi, where the events at issue occurred.

Plaintiff alleges that on May 20, 2014, Defendant Smith "intercepted Plaintiff's Outgoing letter and Prevented it From being mailed . . . due to his speculation and conjecture that it contained a Coded message written a member of the Mexican Mafia Prison gang." (ECF No. 21 at p. 6.) After the letter was intercepted, Plaintiff alleges that Defendants Smith, Montano and Tyree conspired to retaliate against Plaintiff "due to the alleged contents of [his] letter." (Id.)

On the same date, Defendant Tyree tasked Defendant Montano with completing a targeted search of Plaintiff's cell. Defendant Montano in turn ordered Officers G. Adame, B. Medrano and P. Orteaa to join Defendant Smith in targeting Plaintiff's cell. Plaintiff alleges that Defendants Smith, Montano and subordinates arrived at Plaintiff's cell with a malicious intent to retaliate against him. Plaintiff further alleges that, as he was finishing using the restroom, Defendant Smith

3

ordered Plaintiff to "submit to being Placed in zip-ties." (Id. at p. 7.) Plaintiff alleges that when he finished using the restroom and flushing it, Defendant Smith "without warning or good cause . . . used unnecessary and excessive force by the infliction of sadistic wanton pain on Plaintiff with pepper-spray and Placing Plaintiff in extremely tight zip-ties that caused Plaintiff to temporarily lose feeling in the hands." (Id.)

After being placed in zip-ties, Plaintiff was removed barefoot from his cell and paraded through the main yard by Defendants Smith and Montano. Plaintiff was escorted to the dining hall where he was "verbally assaulted and threatened with more pepper spray" by Defendants Smith and Montano. (Id. at p. 8.) Plaintiff was informed by Defendant Montano that Warden Holland wanted Plaintiff placed on management-cell status. The cell was unfurnished. Plaintiff alleges that he was not decontaminated before being placed in the management cell. Plaintiff alleges that for 3 days, he was not provided with "any sort of cleaning supplies, no soap, toilet-paper or disinfectant." (Id.) Plaintiff alleges that he suffered from severe pain from trying not to defecate because he had no way of cleaning himself. Plaintiff eventually defecated and was forced to use his bare hand to clean himself. Plaintiff was not allowed a mattress and was forced to sleep on the cold, dirty floor. Plaintiff contends that he suffered sleep deprivation for the 3 days due to the lack of a mattress, the effects of the pepper spray and the unsanitary conditions.

As to retaliatory intent, Plaintiff alleges that Defendant Smith provided contradictory testimony regarding the contents of Plaintiff's letter in disciplinary reports. Plaintiff further alleges that Defendant Does 1-4 deprived Plaintiff of any grievance forms, which led to Plaintiff commencing a hunger strike to peacefully protest the alleged events. Plaintiff also contends that Defendants Holland, Tyree and Montano failed to train subordinates and prevent them from maintaining a pattern of retaliation. Plaintiff also contends that Defendant Holland refused to respond to Plaintiff's request to stop retaliation by her subordinates. Plaintiff states that he notified Defendant Holland about the interference with his outgoing letter and the deprivation of legal supplies.

As relief, Plaintiff seeks a declaratory judgment, preliminary and permanent injunctions, and compensatory and punitive damages.

**IV.   Discussion**

   **A.  Official Capacity**

To the extent Plaintiff seeks to bring claims for damages against defendants in their official capacities, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). As such, the Eleventh Amendment bars any claim for monetary damages against defendants acting in their official capacities.

   **B.  First Amendment**

      **1.  Right to Send Mail**

Plaintiff alleges that Defendant Smith, Holland and Tyree violated Plaintiff's First Amendment rights by promulgating, enforcing and implementing overbroad rules and regulations that curtailed his right to freedom of speech. Although not entirely clear, it appears that Plaintiff is challenging implementation of the prison policy allowing for his outgoing mail to be intercepted and not mailed.

Prisoners have a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, prison officials may visually inspect outgoing mail to determine whether it contains contraband material that threatens prison security or material threatening the safety of the recipient. See Witherow, 52 F.3d at 266; Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986).

Here, Plaintiff admits that his mail was intercepted based on Defendant Smith's belief that it contained an encoded message to a gang member, which does not violate the First Amendment. Plaintiff has not otherwise alleged a deficient policy regarding review of outgoing mail or that he was otherwise prevented from sending and receiving mail that did not contain allegedly encoded messages. Further, generally isolated incidents of mail interference or tampering will not support a claim under section 1983 for a violation of Plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

**2. Retaliation**

Plaintiff alleges that Defendants Smith, Montano and Holland violated his First Amendment rights because he was pepper sprayed, threatened, placed in zip-ties and subjected to the management cell in retaliation for the exercise of his right to freedom of speech.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff fails to allege that he was engaged in protected conduct. According to the allegations in his complaint, Plaintiff was pepper sprayed, threatened, placed in zip-ties and housed in a management cell because of mail alleged to contain an encoded message to a gang member. Plaintiff fails to establish how attempting to send mail alleged to contain an encoded message is protected conduct. Even if the mail was later determined not to contain such a message, all of the alleged retaliatory actions occurred in May 2014, prior to any such determination or resolution of the related disciplinary matter in July and September 2014. (ECF No. 21 at pp. 6-9 and Exs. C, D.)

**B.    Eighth Amendment**

**1.    Conditions of Confinement**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial

risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff alleges that Defendants Holland and Does 1-4 denied Plaintiff his basic human necessities while in the management cell, and that Defendants Holland, Montano and Does 1-4 were deliberately indifferent. Liberally construed, Plaintiff has stated a cognizable claim for relief under the Eighth Amendment against Defendant Does 1-4, who reportedly were the correctional officers "overseeing Plaintiff while he was being subjected to the management-cell." (ECF No. 21 at p. 6.) However, Plaintiff fails to allege that Defendants Holland and Montano knew of the conditions in the management cell and failed to respond.

To the extent that Plaintiff seeks to impose liability on Defendants Holland and Montano based on a supervisory role, government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id.. In other words, to state claim for relief under section 1983, Plaintiff must link Warden Holland or Sergeant Montano with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Despite alleging that Defendants Holland and Montano ordered Plaintiff housed in a management cell, Plaintiff fails to allege any facts indicating that Defendants Holland or Montano were personally aware of the conditions to which Plaintiff was subjected. Plaintiff therefore fails to state a condition of confinement claim against Defendants Holland and Montano.

### 2. Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is

whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 562 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. (quoting Hudson, 503 U.S. at 9-10) (quotation marks omitted). In determining whether the use of force was wanton or and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

Here, the Court finds that, liberally construed, the complaint states a claim for relief against Defendant Smith for excessive force. The allegations indicate that Plaintiff was not offering resistance, and Defendant Smith subjected Plaintiff to pepper spray. The allegations also indicate that Defendant Smith applied restraints in such a way that Plaintiff experienced numbness in his hands. While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 562 (quoting Hudson, 503 U.S. at 9 (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts, Id. at 562.

As to Plaintiff's allegation that Defendants Smith and Montano verbally assaulted and threatened him in the dining hall, Plaintiff fails to state a claim. Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat of bodily harm does not constitute constitutional wrong).

///

### 3. Failure to Decontaminate

As noted above, in order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

Liberally construed, Plaintiff has stated an Eighth Amendment claim for failure to decontaminate against Defendant Smith. The allegations of the complaint indicate that Defendant Smith subjected Plaintiff to pepper spray, and placed him in the management cell without decontaminating Plaintiff.

### C. Due Process

#### 1. Fourteenth Amendment

Plaintiff asserts that Defendants Holland and Montano violated his due process rights by placing him in the management cell without any procedural safeguards. Prisoners may claim the protections of the Due Process Clause of the Fourteenth Amendment, and they may not be deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Before a prisoner is placed in disciplinary segregation, due process requires that a prisoner is entitled to: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. Id. at 563–70. Plaintiff's allegations that he was placed in a management-cell do not equate with placement in disciplinary segregation.

Plaintiff also alleges that Defendant Smith violated his due process rights by preventing Plaintiff's outgoing letter from being mailed and failing to give Plaintiff an opportunity to present his views. However, Plaintiff's allegations suggest that he received a hearing on his RVR, and there is no assertion that Defendant Smith interfered with the disciplinary hearing process.

///

Further, Plaintiff's claims regarding his outgoing mail are covered by the specific provisions of the First Amendment. "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." See United States v. Lanier, 520 U.S. 259, 272 n. 7 (1997)).

### 2. State Created Liberty Interests

Plaintiff alleges that defendants deprived him of his state created liberty interest rights protected by the Fourteenth Amendment when: Defendant Smith failed to notify Plaintiff by way of CDC Form 1819 that his outgoing letter was never mailed; Defendants Does 1-4 maliciously and deliberately refused Plaintiff his right to appeal; and Defendants Does 1-4, Holland and Montano deliberately deprived Plaintiff of the basic human necessities to keep himself and his living quarters clean and sanitary while he was in the management cell.

Plaintiff's claims regarding his outgoing letter and deprivation of basic human necessities are covered by the provisions of the First and Eighth Amendments respectively. Thus, Plaintiff's allegations should be analyzed under those specific standards. Id. Additionally, Plaintiff's allegation that Defendant Does 1-4 deprived him of grievance forms does not state a cognizable due process claim. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

### D. Conspiracy

Plaintiff alleges that Defendants Smith, Tyree, Montano, Holland and Does 1-4 conspired to deprive Plaintiff of his constitutional rights. To state a claim for conspiracy under section 1983, Plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). A bare allegation that defendants conspired to violate Plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983. Moreover, Plaintiff's claim of conspiracy is

speculative and he presents no facts to show a meeting of the minds to violate his constitutional rights.

### E. Failure to Train and Supervise

Plaintiff also asserts failure to train and supervise allegations against the "supervisory" defendants, Holland, Tyree and Montano. A "failure to train" or "failure to supervise" theory can be the basis for a supervisor's liability under § 1983 in only limited circumstances, such as where the failure amounts to deliberate indifference. See City of Canton, Ohio v. Harris, 489 U.S. 378, 387–90 (1989). "The cases in which supervisors have been held liable under a failure to train/supervise theory involve conscious choices made with full knowledge that a problem existed." Wardell v. Nollette, No. C05–0741RSL, 2006 WL 1075220, at *3 (W.D. Wash. Apr. 20, 2006) (collecting cases); see also Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003) (to impose liability for a supervisor's failure to train, "a plaintiff must usually demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation") (citation, internal quotation marks omitted), cert. denied, 540 U.S. 826, (2003).

"A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train, though there exists a 'narrow range of circumstances [in which] a pattern of similar violations might not be necessary to show deliberate indifference.'" Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014) (quoting Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1360–61, 179 L.Ed.2d 417 (2011)). In this "narrow range of circumstances," a single incident may suffice to establish deliberate indifference where the violation of constitutional rights is a "highly predictable consequence" of a failure to train because that failure to train is "so patently obvious." Connick, 563 U.S. at 64.

Here, Plaintiff makes conclusory statements that the supervisory defendants failed to train subordinates. Plaintiff's conclusory statements do not show that his injury was a "highly predictable consequence" of Defendants' failure to train, or that the failure to train was "patently obvious." Id.

11

### F. Requested Relief

#### 1. Declaratory Judgment

Plaintiff seeks a declaration that his rights were violated by defendants. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the trier of fact returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

#### 2. Injunctive Relief

Plaintiff seeks several forms of injunctive relief. Plaintiff is no longer housed at CCI Tehachapi, where he alleges the incidents at issue occurred, and where the prison official defendants are employed. Therefore, any relief he seeks against the officials at CCI Tehachapi is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

### V. Conclusion and Recommendation

Plaintiff has stated the following cognizable claims: (1) an Eighth Amendment conditions of confinement claim against Defendants Does 1-4 in their individual capacities arising from conditions in the management cell; and (2) Eighth Amendment claims against Defendant Smith in his individual capacity for excessive force and for failure to decontaminate Plaintiff. However, Plaintiff has failed to state any other cognizable claims in this action, and the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, for the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Does 1-4 in their individual capacities arising from conditions in the management cell, and Eighth Amendment claims against Defendant Smith in his individual capacity for excessive force and for failure to decontaminate Plaintiff; and
2. All other claims and defendants be dismissed for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 12, 2017**        /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE