| | |
|---|---|
| ALFONSO HALL,<br><br>                Plaintiff,<br><br>    v.<br><br>D. SMITH, et al.,<br><br>                Defendants. | Case No. 1:15-cv-00860-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>[Doc. No. 29] |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Alfonso Hall is a state prisoner proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. On June 22, 2015, Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 8.) Currently, no defendants have appeared in this action, as service of process is underway. Therefore, no defendants have yet consented or declined to Magistrate Judge jurisdiction.

On October 24, 2017, the assigned magistrate judge screened Plaintiff's second amended complaint and found that it stated an Eighth Amendment conditions of confinement claim against Defendants Does 1-4 in their individual capacities arising from conditions in the management cell, and Eighth Amendment claims against Defendant Smith in his individual capacity for excessive force and for failure to decontaminate Plaintiff. (Doc. No. 23.) The magistrate judge dismissed all other claims and defendants, with prejudice, for the failure to state a claim. (*Id.*)

1

The case then proceeded on Plaintiff's cognizable claims. On November 16, 2017, the Court ordered the United States Marshal to serve the amended complaint on Defendant Smith, (Doc. No. 26), and service remains underway. Plaintiff was also ordered to provide the Court with written notice identifying Defendant Does 1-4 with enough information to locate them for service of process by January 23, 2018. (Doc. No. 23, at p. 13.)[1]

On December 12, 2017, the magistrate judge reinstated Plaintiff's previously dismissed claims, recognizing that a recent Ninth Circuit opinion, *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), had held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints even if a plaintiff has consented to magistrate judge jurisdiction, as plaintiff had here. (Doc. No. 29.) Concurrently, the magistrate judge issued findings and recommendations recommending that the undersigned dismiss those reinstated claims. (*Id.*) Plaintiff was given fourteen days to file his objections to those findings and recommendations. On December 28, 2017, Plaintiff filed objections to the findings and recommendations. (Doc. No. 30.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a de novo review of Plaintiff's case. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Plaintiff objects that his allegations of placement in a management cell status are sufficient to state a due process deprivation claim. On the contrary, the Court agrees with the findings and recommendations that Plaintiff's allegations of placement in a management cell for three days to investigate whether he was sending a coded message to a gang member does not state any claim for a violation of the Fourteenth Amendment.

Plaintiff further objects that he has stated a First Amendment claim based on Defendant Smith's interception of his letter, as he has alleged that Smith was mistaken that it contained any coded message, and because Smith "exceeded his authority" because he is not a gang expert or

---

[1] Plaintiff was also provided information on attempting to determine the identity of the Doe Defendants, and informed that he may seek leave to issue discovery, if necessary and if the requirements are met. (ECF No. 27, at p. 2.)

2

gang investigator. (Doc. No. 30, at p. 7.) The Court disagrees that these allegations are sufficient to state a claim. As the magistrate judge correctly found, prison officials may visually inspect outgoing mail to determine whether it contains contraband material that threatens prison security or material threatening the safety of the recipient. *See Witherow v. Paff*, 52 F.3d at 264, 266 (9th Cir. 1995) (per curiam); *Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986). In this case, although Plaintiff alleges it was a mistaken belief, he affirmatively alleges that his mail was confiscated as part of a policy to prevent coded messages between gang members, which does not violate the First Amendment even if it was done in error.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued on December 12, 2017 (Doc. No. 29) are adopted in full;

2. Plaintiff's claims for a violation of his First Amendment rights, for a violation of the Fourteenth Amendment, for conspiracy, for the failure to train or supervise, for a declaratory judgment and for injunctive relief, and his claims against Defendants Holland, Montano, and Tyree, are dismissed for the failure to state a claim upon which relief may be granted;

3. This action proceeds solely on Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Does 1-4 in their individual capacities arising from conditions in the management cell, and Eighth Amendment claims against Defendant Smith in his individual capacity for excessive force and for failure to decontaminate Plaintiff; and

4. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **January 3, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

3