UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO HALL,<br><br>          Plaintiff,<br><br>   v.<br><br>D. SMITH, et al.,<br><br>          Defendants. | Case No. 1:15-cv-00860-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO ISSUE DISCOVERY TO IDENTIFY DOE DEFENDANTS<br>[ECF No. 35]<br><br>ORDER AND NOTICE AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM, AND DIRECTING CLERK'S OFFICE TO SERVE COPY OF SUBPOENA WITH ORDER |

**I.      Background**

Plaintiff Alfonso Hall is a state prisoner proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983.

On October 24, 2017, the Court screened Plaintiff's second amended complaint and found it stated an Eighth Amendment conditions of confinement claim against Defendants Does 1-4 in their individual capacities arising from conditions in the management cell, and Eighth Amendment claims against Defendant Smith in his individual capacity for excessive force and for failure to decontaminate Plaintiff. (ECF No. 23.)[1] Among other things, Plaintiff was ordered to provide the Court with written notice identifying Defendant Does 1-4 with enough information to locate those defendants for service of process within ninety (90) days. (*Id*. at 13.)

---

[1] Findings and recommendations were later issued to the District Judge regarding the screening order, (ECF No. 29), and they were adopted in full over Plaintiff's objections by the District Judge on January 3, 2018, (ECF No. 32).

1

Currently before the Court is Plaintiff's motion titled as, "Motion for Leave to Issue Discovery that is Reasonable and Necessary to Locate Information Relevant to Properly Identifying Defendant Does 1-4," filed on January 11, 2018. (ECF No. 35.)

**II.     Motion for Discovery**

Plaintiff states in his motion that he has made informal and formal requests in attempt to locate information to properly identify Defendant Does 1-4, but his requests have been denied. He attaches copies in support. Consequently, he seeks leave to issue discovery to that is reasonable and necessary to obtain the information he seeks.

### A.     Legal Standards

Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. *See* Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil Procedure 26(b). *Meeks v. Parsons*, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing *Fahey v. United States*, 18 F. R. D. 231, 233 (S.D.N.Y. 1955)).

Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). These standards mean that the Court may grant a request by Plaintiff to issue a Rule 45 subpoena to a properly identified non-party to discover information that is relevant to the party's claims or defenses, is not burdensome, is not within Plaintiff's reasonable access, upon a sufficient showing of the importance of the information.

///

///

**B.     Discussion**

In this case, Plaintiff alleges that he was denied his basic human necessities while he was housed in a management cell at CCI Tehachapi beginning on or about May 20, 2014, for a period of three days. Defendant Does 1-4 were the correctional officers who were "overseeing Plaintiff while he was being subjected to the management-cell." (ECF No. 21, at p. 6.)

In the current motion, Plaintiff's attachments show that he made requests for a copy of the duty roster to show the correctional officers working on Facility 4B Building 8 on the dates of May 20, 2014 through May 23, 2014. First, on November 29, 2017, Plaintiff requested the information using a CDCR Form 22 Inmate/Parolee Request. (ECF No. 35, at p. 6.) In response to that request, Plaintiff was instructed by staff to mail his request using a CDCR Form 1432 to CCI Litigation, with a trust withdrawal form to cover copying costs of $ 0.12 per copy. (*Id*.) CDCR Form 1432 is used to make a California Public Records Act request. (*Id*. at 4)

On December 7, 2017, Plaintiff sent his request to CCI using the form instructed, and checking a box that he agreed to pay postage and $ 0.12 for each page photocopied. (*Id*.) Plaintiff received a response that the requested record would not be disclosed. (*Id*.) The denial was accompanied by a letter from the Public Records Act Coordinator at CCI Tehachapi explaining that the record relates to pending litigation, and therefore CDCR considers the record to be exempt from disclosure under the California Public Records Act. (*Id*. at 3.) The letter further states that some of the records sought may be exempt from disclosure for safety or security reasons or due to a privilege. (*Id.*)

Considering Plaintiff's submissions and the relevant standards, the Court is satisfied that Plaintiff has adequately attempted to find information to identify Doe Defendants 1-4 using the resources that are available to him. He has further reasonably asserted that the duty roster for the dates in question concerning the location where he was housed during the events at issue contains information to identify the Doe defendants here, and has reasonably shown that CCI Tehachapi has possession, custody, or control over the relevant duty roster.

Based upon Plaintiffs' representations and the record, the Court finds that it is in the interest of justice to authorize the issuance of a subpoena duces tecum commanding the Warden

of CCI Tehachapi to produce the records identified by Plaintiff, if any exist. Further, the basis of any safety or security concerns or assertions of privilege in disclosing the requested records is not readily apparent from the current record. The Court takes no position at this time on any assertions of confidentiality or privilege which may be raised by the respondent to the subpoena.

## III. Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. The Court grants Plaintiff's motion to for leave to issue discovery to identify the Doe defendants (ECF No. 35);
2. The Clerk of the Court shall prepare the subpoena duces tecum directing the Warden of CCI Tehachapi, to produce the duty roster to show the correctional officers working on Facility 4B Building 8 on the dates of May 20, 2014 through May 23, 2014;
3. The Clerk of the Court shall serve a copy of the subpoena on the parties with this order; and,
4. Pursuant to Rule 45(a)(4), the parties are placed on notice that the United States Marshal will be directed to initiate service of the subpoena duces tecum described above in ten (10) days from the date of service of this order.

IT IS SO ORDERED.

Dated: **February 7, 2018**              /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE