UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO HALL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. SMITH, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00860-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR THE APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE<br><br>ORDER REQUIRING DEFENDANT SMITH TO RESPOND TO REQUEST FOR SETTLEMENT CONFERENCE<br><br>[Doc. 45] |

Plaintiff Alfonso Hall is a state prisoner proceeding *pro se* and *in forma pauperis* in this action pursuant to 42 U.S.C. § 1983. On April 26, 2018, Plaintiff filed a second motion seeking the appointment of counsel, discussing a discovery dispute. Plaintiff declares in support that Defendants deemed certain documents confidential in their response to his first set of interrogatories that he disputes, and that requires counsel to review the matter. (Doc. 45.)

As Plaintiff has been previously informed, he does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. §1915(e)(1). *Mallard v. U.S. Dist. Court for*

*the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In this case, the Court does not find the required exceptional circumstances for the appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. A review of the record in this case shows that Plaintiff can articulate his claims and arguments, and the legal issue he proceeds upon is not complex. Furthermore, at this stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits. Therefore, Plaintiff's request for the appointment of counsel will be denied, without prejudice.

To the extent Plaintiff asserts a motion to compel the production of the documents that Defendants have deemed confidential, that motion is denied, without prejudice. Plaintiff states that in response to one of his interrogatories, Defendants deemed various documents confidential, and Plaintiff does not believe this was done in good faith. However, neither the request nor the response is provided for the Court's review, and therefore the Court cannot make any determination regarding the dispute. Plaintiff is not precluded from filing an appropriate motion on this matter.

Finally, Plaintiff asserts a desire to engage in a settlement conference. As a result, the Court finds it appropriate to inquire as to whether Defendant Smith believes, in good faith, that settlement in this case is a possibility and whether the parties are interested in having a settlement conference scheduled by the Court.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel dated April 26, 2018 (Doc. 45) is denied, without prejudice;

2. Plaintiff's request to compel confidential documents is denied, without prejudice;

3. Within **fourteen (14) days** from the date of service of this order, Defendant Smith shall file a written response to this order regarding whether a settlement conference would benefit this matter;

4. Defendant may address any scheduling issues and/or security and transport concerns in their response, if necessary; and

5. If a settlement conference is agreeable to all parties, then the Court will issue a separate order setting the conference date and indicating each of the parties' responsibilities regarding the settlement conference.

IT IS SO ORDERED.

Dated: **April 30, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE